Filed: 3/27/2026 4:28 PM
Orlando Velasquez, District Clerk
Starr County, Texas
Diana Correa

CAUSE NO. DC-26-93

| | | |
|---|---|---|
| STARR COUNTY SHERIFF'S DEPARTMENT | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | STARR COUNTY, TEXAS |
| vs. | § § | Starr County - 381st District Court |
| THE TRAVELERS LLOYDS INSURANCE COMPANY | § § § | _____ JUDICIAL DISTRICT |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Starr County Sheriff's Department, ("Sheriff's Department"), Plaintiff herein, files this Original Petition against The Travelers Lloyds Insurance Company ("Travelers") and, in support of its causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1.    The Sheriff's Department is a government law enforcement agency that is located in Starr County, Texas.

2.    Travelers is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

## II.
## DISCOVERY

3.    This case is intended to be governed by Discovery Level 2.

EXHIBIT B

### III.
### CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court. The Sheriff's Department currently seeks monetary relief over $5,000,000, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs. Plaintiff reserves the right to amend or seek more at trial.

### IV.
### JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.      Venue is proper in Starr County because all or a substantial part of the events or omissions giving rise to the claim occurred in Starr County. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1). In particular, the loss at issue occurred in Starr County.

### V.
### FACTUAL BACKGROUND

7.      The Sheriff's Department is a named insured under a property insurance policy issued by Travelers.

8.      Sometime within the policy period, on or about March 1, 2025, a storm hit the Rio Grande City, Texas area, damaging the Sheriff's Department's property. The Sheriff's Department subsequently filed a claim on its insurance policy.

9.      Travelers improperly denied and/or underpaid the claim.

10.      The adjuster assigned to this claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages were observed during the inspection, and undervalued the damages observed during the inspection.

2

11. The adjuster's unreasonable investigation led to the underpayment of the Sheriff's Department's claim.

12. As a direct consequence of Defendant's unreasonable delay in promptly paying Plaintiff's claim, Plaintiff has been prevented from completing the necessary repairs to date. Likewise, Defendant's conduct has resulted in Plaintiff's loss of policy benefits, thereby excusing Plaintiff from any conditions precedent to recovering the full amount of policy benefits, including but not limited to depreciation. Moreover, Defendant's wrongful refusal to timely pay covered benefits directly hindered Plaintiff's ability to complete the necessary repairs required to restore the property to its pre-loss condition.

13. In the event appraisal is invoked by either party, Plaintiff further seeks damages in the amount of appraisal costs pursuant to *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 134 (Tex. 2019).

14. Moreover, Travelers performed an outcome-oriented investigation of the Sheriff's Department's claim, which resulted in a biased, unfair and inequitable evaluation of the Sheriff's Department's losses on the property.

## VI.
## CAUSES OF ACTION

15. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.    Breach of Contract**

16. Travelers had a contract of insurance with the Sheriff's Department. Travelers breached the terms of that contract by wrongfully denying and/or underpaying the claim and the Sheriff's Department was damaged thereby.

**B.    Prompt Payment of Claims Statute**

17. The failure of Travelers to pay for the losses and/or to follow the statutory time

3

guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

18.    The Sheriff's Department, therefore, in addition to the Sheriff's Department's claim for damages, is entitled to interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.    Bad Faith**

19.    Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

20.    Defendant violated § 541.051 of the Texas Insurance Code by:

(1)    making statements misrepresenting the terms and/or benefits of the policy.

21.    Defendant violated § 541.060 by:

(1)    misrepresenting to the Sheriff's Department a material fact or policy provision relating to coverage at issue;

(2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)    failing to promptly provide to the Sheriff's Department a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)    failing within a reasonable time to affirm or deny coverage of a claim to the Sheriff's Department or submit a reservation of rights to the Sheriff's Department; and

(5)    refusing to pay the claim without conducting a reasonable investigation with

4

respect to the claim;

22.    Defendant violated § 541.061 by:

    (1)    making an untrue statement of material fact;

    (2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4)    making a material misstatement of law; and

    (5)    failing to disclose a matter required by law to be disclosed.

23.    Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

24.    Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code § 541.152(a)-(b).

**D.    Attorneys' Fees**

25.    The Sheriff's Department engaged the undersigned attorney to prosecute this lawsuit against Travelers and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

26.    The Sheriff's Department is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because it is represented by an attorney, presented the claim to Travelers, and Travelers did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

27.    The Sheriff's Department further prays that it be awarded all reasonable attorneys'

5

fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

28.    All conditions precedent to the Sheriff's Department's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Starr County Sheriff's Department prays that, upon final hearing of the case, it recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that the Sheriff's Department be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which the Sheriff's Department may show itself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:___ /s/ Maria Gerguis
        Maria Gerguis
        TBA No. 24090355
        mgerguis@dalyblack.com
        Richard D. Daly
        TBA No. 00796429
        rdaly@dalyblack.com
        ecfs@dalyblack.com
        2211 Norfolk St., Suite 300
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF**

6

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Richard Daly on behalf of Maria Gerguis
Bar No. 24090355
ecfs@dalyblack.com
Envelope ID: 112978887
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 3/30/2026 8:15 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard D.Daly | | ecfs@dalyblack.com | 3/27/2026 4:28:07 PM | NOT SENT |
| Darwin Blanco | | dblanco@dalyblack.com | 3/27/2026 4:28:07 PM | NOT SENT |
| Maria Gerguis | | mgerguis@dalyblack.com | 3/27/2026 4:28:07 PM | NOT SENT |